822 F.2d 56
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Buster Alexander YANCEY, Jr., Defendant-Appellant.
 No. 86-5596.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 9, 1987.
Decided June 23, 1987.
 
 Before WIDENER and WILKINSON, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 John A. Dusenbury, Jr. (Smith, Patterson, Follin, Curtis, James & Harkavy, on brief), for appellant.
 John Warren Stone, Jr., Assistant United States Attorney (Kenneth W. McAllister, United States Attorney; Becky M. Strickland, Paralegal Specialist, on brief), for appellee.
 PER CURIAM:
 
 
 1
 During trial on a charge of bank robbery in violation of 18 U.S.C. Sec. 2113(a), the defendant's mother was permitted to testify, over objection, that the masked man in the bank surveillance photographs was her son, the defendant. On appeal, the defendant contends that the district court erred by allowing his mother to give such an opinion.
 
 
 2
 We disagree.
 
 I.
 
 3
 A lone black male, wearing a green military trenchcoat, white cloth gloves and a black net mask over his head, robbed a savings and loan association in Greensboro, North Carolina. A customer in the bank, Edwin Bryan, observed the robber during the two or three minutes of the robbery, and followed the robber out of the building. He saw the robber drive off in a Volkswagen Beetle and recorded the license plate number. The license tag number identified Yancey as the registered owner of the vehicle.
 
 
 4
 Greensboro police officers soon found the green Volkswagen at an apartment complex. They located three witnesses who had seen the driver of the vehicle a few minutes earlier. One of the witnesses, who knew Yancey, testified that the driver was the defendant. The other two witnesses provided descriptions that were generally consistent with the defendant's physical characteristics.
 
 
 5
 At trial, Bryan, the customer at the time of the robbery, identified the defendant as the masked man he had observed and followed.
 
 
 6
 The prosecution also called the defendant's mother, Alice Yancey. She testified that she recognized the man in the surveillance photographs as her son, Buster. She based her identification on the features of the robber's forehead, nose, chin and eyes and the way he carried his shoulders. The district court permitted her testimony after the parties and the court had questioned the witness outside the presence of the jury.
 
 II.
 
 7
 The district court has broad discretion to admit or exclude lay opinion testimony. United States v. Gould, 741 F.2d 45, 51 n. 6 (4th Cir.1984); United States v. Jackson, 688 F.2d 1121, 1123 (7th Cir.1982), cert. denied, 460 U.S. 1043 (1983). Under Fed.R.Evid. 701, lay opinion testimony must be "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." Under Fed.R.Evid. 403, of course, the evidence should be excluded if its prejudicial effect substantially outweighs its probative value.
 
 
 8
 In United States v. Allen, 787 F.2d 933 (4th Cir.1986), vacated on other grounds, 107 S.Ct. 1271 (1987), this court addressed the same issue. There we approved the admission and receipt of the lay opinion testimony of two witnesses, each of whom identified one of three bank robbers from bank surveillance photographs.
 
 III.
 
 9
 Yancey attempts to distinguish Allen on the ground that his mother's identification of him was not based on perception but upon speculation since she had never seen him before with a mask over his face or with his facial features distorted. Mrs. Yancey, however, had raised the defendant from the time of his birth, and had been intimately acquainted with him for twenty-eight years as only a mother may be. No other witness would have been so well qualified to recognize her son, for instance, from the way he carried his shoulders when he walked. She testified from a perspective that the jury could not possibly duplicate by observing the defendant during several days of trial proceedings.
 
 
 10
 There simply is no factual basis for the suggestion that the jurors were in as good a position as Mrs. Yancey to determine whether or not the defendant was the masked man in the photographs.
 
 
 11
 As the Allen court recognized, when the photographs are blurred or the facial features are otherwise obscured, the more help such lay opinion testimony would be to a jury.
 
 IV.
 
 12
 The district court did not abuse its discretion in permitting the testimony despite appellant's Rule 403 objection. The testimony was highly probative on the critical issue of identification. That Mrs. Yancey is appellant's mother does not disqualify her as a witness. The court permitted the defense to cross-examine the witness both before the jury and outside its presence. He was entitled to no more.
 
 
 13
 AFFIRMED.